# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 22-60092
Summary Calendar

Gresia Ivet Rodriguez-Cruz; Jensy Anabella Sanchez-Rodriguez; Josselin Daniela Pineda-Rodriguez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A212 986 758
A212 986 759
A212 986 760

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:*

Gresia Ivet Rodriguez-Cruz, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

her appeal from an order of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). (Her two minor children seek asylum as derivative beneficiaries of Rodriquez.) She asserts the BIA erred because she established: past persecution; a well-founded fear of future persecution; and a nexus between the harm alleged and a protected ground. (Rodriguez does not contest the denial of CAT relief.)

Rodriguez' contentions concerning the IJ's future-persecution determination are unexhausted; therefore, our court lacks jurisdiction to consider them. *E.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 359–60 (5th Cir. 2022) (explaining petitioner must administratively exhaust claims by presenting them to BIA); 8 U.S.C. § 1252(d)(1) (judicial review of orders of removal).

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Rodriguez fails to show the evidence compels a conclusion that she showed past persecution. *E.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004) (applying substantial-evidence standard to question whether IJ erred by finding no past persecution). Although past persecution does not require physical harm, it must amount to extreme conduct. *E.g.*, *Gjetani v. Barr*, 968 F.3d 393, 395 (5th Cir. 2020) (noting asylum requires petitioner to demonstrate "systematic, sustained pattern of assaults or other acts of oppression—not individual or even a handful of assaults or threats").

No. 22-60092

Rodriguez alleged she experienced harassment, threats, and requests for sexual favors, but this does not compel a conclusion contrary to the BIA's. *Id.* at 398–99.

Because past persecution or a well-founded fear of future persecution is an essential element of claims for asylum and withholding, Rodriguez has not met the substantial-evidence standard for these claims. *E.g.*, *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Accordingly, our court need not consider her nexus assertions. *E.g.*, *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (stating "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

DISMISSED in part; DENIED in part.